in 34 broken flasks or demijohns but no allowance or deduction in duty was made for the other liquor which had been contained in said 34 flasks or demijohns which were lost in transit between the border port and the port of destination; and

It is further stipulated and agreed that the record in said C. A. D. 328 be admitted in evidence in this case, and that the protest be deemed submitted on this stipulation.

Plaintiff waives the right to first docket call and further amendment of this protest.

In accordance with this stipulation and following the decision cited, we hold that an allowance should have been made for the loss appearing upon the gauger's return as to the 34 broken demijohns, estimated to be 287.80 proof gallons, insofar as such loss appearing upon the gauger's return is verified by a timely affidavit by the importer and represents 10 percent or more of the contents of each demijohn.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund of duties levied upon the gin estimated to have been constructively contained in the 34 broken demijohns, wherever the contents "amounting to 10 per centum or more of the total value of the contents of the said  *  *  *  package in its condition as exported, has been lost." (Paragraph 813, Tariff Act of 1930.) In all other respects the protest is overruled.

**No. 51830.**—T. Sumida & Co., Ltd. *v.* United States, protest 638365–G (Honolulu).

Opinion by CLINE, J. It was stipulated that the bean flour is similar in all material respects to that the subject of *Togasaki* v. *United States* (23 C. C. P. A. 342, T. D. 48197). The claim at 35 percent under paragraph 775 was therefore sustained.

**No. 51831.**—Tebor, Inc., et al. *v.* United States, protests 113728–K, etc. (New York).

Opinion by CLINE, J. It was stipulated that certain items marked "A" consist of earthenware articles composed of a nonvitrified absorbent body, not artificially colored and composed wholly of clay, which articles are painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated. As to these items of merchandise, the claim of the plaintiffs was sustained. The protests were abandoned as to all items not marked "A". As to these items, the protests were dismissed.

**No. 51832.**—Adolph Goldmark & Sons Corp. *v.* United States, protest 47229–K (Cleveland).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In

accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51833.**—Adolph Goldmark & Sons Corp. *v.* United States, protest 50133–K/90035 (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 51834.**—Amalgamated Textiles, Ltd., et al. *v.* United States, protests 57446–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE SECOND DIVISION, JULY 7, 1947

**No. 51835.**—Wimelbacher & Rice *v.* United States, protests 497134–G, etc. (New York).